SOUTHERN RAILWAY COMPANY *v.* INGLE

[No. 17,492. Filed December 4, 1946. Rehearing Denied January 10, 1947. Transfer Denied February 18, 1947.]

232

*Darby & Fitzgerald*, and *Caleb J. Lindsey*, all of Evansville, and *S. K. Prince* and *H. G. Hedrick*, both of Counsel, of Washington, D. C., for appellant.

*Edgar Durre* and *Vincent A. John*, both of Evansville, and *Leslie Hendrickson*, of Boonville, for appellee.

ROYSE, J.—Appellee brought this action against appellant for damages for the death of her decedent resulting from a collision when a truck operated by decedent collided with appellant's train at a grade crossing. The jury returned a verdict for $7575. Judgment on the verdict.

This is the second appeal in this case. In the first appeal the appellant herein appealed to this court from a judgment against it for $6166.67. In that appeal appellant's assignment of errors contained six grounds,

including the overruling of its motion for a new trial, which motion presented nine specifications for our consideration. We affirmed the judgment of the trial court. On appellant's petition the cause was transferred to the Supreme Court who reversed the judgment of the trial court. *Southern Ry. Co.* v. *Ingle* (1945), 223 Ind. 271, 60 N. E. (2d) 135. The Supreme Court considered only one specification of the motion for a new trial. It related to the reading in evidence of the deposition of a witness for appellee. It was held error to permit the reading of such deposition because it was not shown the witness did not live in the county or in an adjoining county to the one in which the trial was held, as provided by § 2-1506, Burns' 1933. The question there decided is not before us in this appeal.

At the outstart we are confronted with appellee's contention that our opinion in the first appeal on all questions not considered by the Supreme Court established the law of this case. To support her contention appellee relies, among others, on the cases of *Alerding* v. *Allison* (1907), 170 Ind. 252, 83 N. E. 1006; *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089; *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734. Those cases are clearly distinguishable on the question raised by appellee in this case. In each of those cases there was no transfer to the Supreme Court from our decision on the first appeal. It is true, as stated by appellee, that the principles of law established on a former appeal, so far as applicable, remain the law of the case in subsequent appeals. However, this is not true of decisions of this court in cases which are transferred to the Supreme Court. When the Supreme Court transfers a case decided by this court our decision is set aside, vacated and expunged from the record and the case stands as though it had been appeal-

ed directly to the Supreme Court. *Payne* v. *Terre Haute, etc., R. Co.* (1901), 157 Ind. 616, 62 N. E. 472; *Princeton Coal, etc., Co.* v. *Gilmore* (1908), 170 Ind. 366, 83 N. E. 500; *Kraus* v. *Lehman* (1907), 170 Ind. 408, 84 N. E. 769. Therefore our opinion in the first appeal cannot be considered as the law of this case.

The principal questions presented by this appeal relate to the applicability of the doctrine of last clear chance. This doctrine means simply that where the negligence of the defendant is the proximate cause of the injury for which suit is brought, and that of the plaintiff only the remote cause, the plaintiff may recover. *Indianapolis Traction, etc., Co.* v. *Kidd* (1906), 167 Ind. 402, 79 N. E. 347. It is a negligent failure to avoid a discovered peril. *Terre Haute, etc., Traction Co.* v. *Stevenson* (1920), 189 Ind. 100, 109, 123 N. E. 785, 126 N. E. 3.

In 44 Am. Jur. p. 788, § 539, it is stated: "The general rule is that the contributory negligence of a person who was struck by a train at a crossing does not bar a recovery against the railroad company for the death or injury thus sustained, *if the employees of the railroad company in control of the train, having discovered him in a position of obvious peril in time to have prevented the accident by the exercise of reasonable care, failed to exercise such care to avoid injury to him.*" (Our emphasis.)

With this understanding of the doctrine of last clear chance we proceed to a consideration of the questions presented.

In the first three grounds of appellant's assignment of errors it complains of the overruling of its motion to make the amended complaint more specific, the overruling of its motion to require pleading of facts to support what is asserted are conclusions,

and the overruling of its demurrer to the amended complaint.

Rhetorical paragraph 4 of the amended complaint describes the location and the condition at and near the grade crossing at which the accident occurred. Rhetorical paragraph 5 is as follows:

"Plaintiff further alleges that on the 8th day of July, 1941, at about the hour of four o'clock P.M., plaintiff's decedent, Gaylord W. Ingle, was driving and operating a large, heavy motor truck loaded with six (6) tons of crushed limestone rock, which contents extended above the sides of said truck and were visible to anyone for a distance of at least two hundred (200) yards; that plaintiff's decedent was operating said heavily laden truck down the grade on said state highway, hereinabove described, going west thereon and after he had reached a point on said highway going down said grade about five hundred (500) feet east of said railroad crossing, one of said defendants' trains, consisting of a steam engine, tender and freight cars, was approaching said highway crossing at a distance of about four hundred (400) feet and moving at a speed of about fifteen (15) to twenty (20) miles per hour, that there were no obstructions to prevent the agents of said defendant so operating said train from seeing said truck approaching said crossing; that because of the down grade over which said truck was traveling and the heavy load which it then bore, which is hereinabove set out, it was impossible for plaintiff's decedent to stop the same after reaching said point of five hundred (500) feet east of said crossing to avoid a collision with said train; that the agents of the defendants operating said train saw the truck which plaintiff's decedent was so operating, approaching said railroad crossing down the grade on said highway when it was approximately five hundred (500) feet east of said crossing and saw that it was loaded with rock and notwithstanding those facts, said agents after seeing plaintiff's decedent and the truck heavily loaded and approaching said crossing down said grade as hereinbefore alleged and knowing that he could not stop the same within the time that said train would

reach said crossing, said defendants' agents negligently and carelessly failed and refused to slow up the speed of said train although said train was far enough away from the said crossing as hereinbefore alleged to avoid a collision if they had applied the brakes to the same and instead of applying the brakes to said train, said agents continued the operation of said train on toward said crossing and collided with said truck; plaintiff's said decedent being unable to stop his truck within the space after seeing said train and in an effort to avoid a collision with said train, turned the same sharply to the south, but by reason of the negligence of the defendants' agents as aforesaid, said train collided with the side of said truck and turned it over on its side causing it to become ignited, and it burst into flames while said plaintiff's said decedent was still entrapped in the cab thereof, causing the immediate death of the plaintiff's decedent."

By its motion to make more specific, appellant sought to require appellee to plead evidentiary facts. The motion was properly overruled.

It is next contended the trial court erred in not requiring appellee to plead facts in support of the alleged conclusion contained in the following phrase: "knowing that he could not stop the same within the time that said train would reach said crossing." In our opinion sufficient facts are pleaded to support this allegation.

Appellant's demurrer was on the ground the amended complaint did not state facts sufficient to constitute a cause of action. We are of the opinion the averments in the amended complaint are sufficient to charge that appellee's decedent was in a position of peril from which he could not extricate himself; that appellant's agents saw his peril, knew he could not extricate himself; that they were far enough away from the crossing to avoid the collision if they had applied their brakes, etc. On the authority of the case of *Terre*

*Haute, etc., Traction Co.* v. *Stevenson, supra,* the demurrer was properly overruled.

The fourth assigned error here is that the court erred in overruling appellant's motion for judgment on the answers of the jury to the interrogatories. In support of this assignment appellant correctly asserts the amended complaint proceeds on the theory that appellant was guilty of negligence under the doctrine of last clear chance. It contends the jury, in its answer to Interrogatory No. 11, found that the engineer at no time saw the oncoming motor truck. Therefore it is asserted the necessary element of knowledge on the part of the engineer was entirely absent and the jury's answers are in irreconcilable conflict with the general verdict.

In determining the question presented by this assignment we are permitted to consider only the pleadings, the general verdict, the interrogatories, and the ·answers thereto. Unless the answers of the jury are in irreconcilable conflict with the general verdict, the trial court did not err in overruling appellant's motion for judgment in its favor. Such a conflict arises only when on the face of the record it is affirmatively shown that there is no possibility there could have been any other evidence admissible under the issues to sustain the verdict of the jury. *Brown* v. *Greenwood* (1945), 116 Ind. App. 112, 60 N. E. (2d) 152, 156 (Transfer denied), and authorities there cited. Interrogatory No. 11 and the answer of the jury are as follows:

"Did Engineer Hemmer in charge of defendants' southbound freight train see the oncoming motor truck at any time before the collision occurred?

"Answer: No."

In our opinion this answer, under the foregoing rule, is not in irreconcilable conflict with the general verdict. The fact the named engineer did not see the oncoming truck does not exclude the fact that he may have had knowledge of decedent's peril in time to have acted to prevent the collision. The knowledge which will bring a case within the doctrine of last clear chance may be acquired without actually seeing the peril. Furthermore, under the issues in this case, it was possible to prove that one of appellant's agents other than the engineer had sufficient knowledge, etc. to bring the case within the doctrine. Nor do the answers to other interrogatories indicate there is no possibility there could have been any other evidence under the issues to sustain the verdict. Therefore, the trial court did not err in overruling appellant's motion for a judgment on the answers to the interrogatories.

The fifth assignment of error is that the trial court erred in overruling appellant's motion for a new trial. The first two specifications of this motion are: The verdict of the jury is not sustained by sufficient evidence, and is contrary to law. We shall consider these together because they present substantially the same questions.

Appellant contends the evidence is insufficient to establish its liability under the doctrine of last clear chance because it is asserted the evidence wholly fails to show knowledge on the part of the engineer. It asserts the verdict is contrary to law because it contravenes the principles of law governing the doctrine of last clear chance as applied to the facts in this case.

In considering the question presented under these specifications, we may consider only the evidence most

favorable to appellee. Such evidence will support the following facts:

Appellant's railroad runs in a northwesterly and southeasterly direction at Troy, Indiana. State Highway 66 runs east and west through Troy and at the west end crosses appellant's tracks. About mid-afternoon of the 8th day of July, 1941, appellee's decedent was proceeding toward said crossing west through the town of Troy on Highway 66. The truck was traveling rapidly and appeared to be out of control. Appellant's train was approaching this crossing from the north. Its fireman observed the truck when the train was about 1000 feet from the crossing. At that time the truck was about 300 feet from the crossing. The fireman called to the engineer to "big hole her" (which, in railroad parlance, means to put on the emergency brake) "there's a man gonna meet us on the crossing." The train was traveling at a speed of 12 to 15 miles per hour. By answer to an interrogatory the jury found the train was 40 feet north of the highway when the engineer heard the fireman call to "big hole her" or "stop her." Under the regulations of appellant it was the duty of the fireman to act as a look-out on the left side. He was the left eye in the operation of the engine. The engineer did not apply the brakes when he heard the fireman's call. Appellee's decedent, in an apparent effort to avert the collision, turned the truck sharply off the highway to the South. The collision occurred between 100 and 200 feet south of the highway. The train could have been stopped in 25 to 30 feet if the engineer had applied the emergency brake when he heard the fireman tell him to do so. It did not stop until it traveled 305 feet from the point at which the jury found the call was made.

This evidence is sufficient to have justified the jury in finding that appellant's agents had knowledge of dece-

dent's peril and that if they had acted on such knowledge with reasonable care the collision could have been avoided. Therefore, it was sufficient for the jury to find that appellant's negligence was the proximate cause of decedent's death. There was sufficient evidence to sustain the verdict and it is not contrary to law.

The third, fourth and tenth specifications of the motion for a new trial were as follows:

"(3) The court erred in overruling defendants' motion filed at the close of the plaintiff's evidence requesting the court to instruct the jury to return a verdict for the defendants.

"(4) The court erred in overruling the defendants' motion filed at the close of all the evidence requesting the court to instruct the jury to return a verdict for the defendants.

"(10) The court erred in refusing to give to the jury, at the request of the defendants, the defendants' tendered instruction numbered three (3)."

Appellant's tendered instruction No. 3 directed the jury to return a verdict for appellant. In view of the evidence hereinbefore set out, the trial court did not err in its action on these matters.

The fifth, sixth and seventh specifications of the motion for a new trial are that the trial court erred in overruling appellant's written objection to appellee's instructions Nos. 3, 4 and 6. Instruction No. 3 is as follows:

"Instruction 3. If you find by a fair preponderance of the evidence that the deceased, Gaylord Ingle, was in danger of collision with the defendants' train while approaching the said railroad crossing at the highway, and you further find by a fair preponderance of the evidence that Gaylord could not stop his truck before the defendants' train reached such crossing, and you further find by a fair preponderance of evidence that the defendants'

servants saw such peril of said Ingle and his imminent danger of a collision with the train in time for them to have slowed or stopped their train and avoid injuring Gaylord, it was the duty of the defendants' servants to do so. And if you further find that such failure on their part was the cause of Gaylord Ingle's death, your verdict should be for the plaintiff even though you may also find that his own carelessness may have placed him in his danger originally, unless you further find by a fair preponderance of the evidence that the plaintiff accepted and elected to take an award made for her husband's death by the Indiana Compensation Board."

Appellant's written objection to this instruction is as follows:

". . . The instruction contemplates that knowledge upon the part of one of the defendants' servants is sufficient to create a knowledge upon the part of both of defendants' servants upon the locomotive at the time of the crossing accident. In other words, defendants object to the instruction because it ignores and disregards the rule of law that the doctrine of last clear chance is not applicable and that there can be no recovery upon the last clear chance doctrine unless actual knowledge is established upon the part of the locomotive engineer in the case at bar, who alone was in charge of the defendants' locomotive."

We are of the opinion the trial court properly overruled this objection to the questioned instruction. The objection is not a correct statement of the import of the instruction. It does not state the knowledge of one servant is sufficient to create knowledge to both. It seems to us it quite clearly states if appellant's servants saw the peril and imminent danger of decedent in time to slow or stop their train and avoid injuring him, it was their duty to do so. If appellant desired a specific instruction as to the knowledge and duty of a particular

employee he should have tendered it to the trial court.
Appellee's instruction No. 4 is as follows:

"Instruction 4. You are instructed that the mere fact that the plaintiff herein may have filed a claim with the Industrial Board of Indiana for Compensation for her husband's death and was awarded a judgment by said Board, this fact would not bar her right to bring action against another person and recover from such other person for wrongfully causing the husband's death so long as she never accepted or elected to take the money so awarded by the Industrial Board."

Appellant's objection to said instruction is as follows:

"The instruction, as tendered, and which is to be given to the jury directs the jury that the acceptance of the money awarded by the Industrial Board must be shown in order to sustain the defense upon the ground of acceptance of a compensation award. In other words, the instruction, as prepared, which is to be given, directs the jury in effect that the defense asserted in the fourth paragraph of answer is not a good defense unless all of the money, namely $3,120.00, under the compensation award has been accepted, although under the statute law of Indiana, if any part of the $3,120.00 has been accepted, then in that event this defense is established and the plaintiff cannot recover."

Conceding without deciding that it was error to overrule this objection, the error, if any, was harmless because the jury, by its answers to Interrogatories Nos. 20 and 22, found that no payment of any amount on such award had been received by appellee or her attorney.

Appellee's tendered instruction No. 6 is as follows:

"Instruction 6. In case you find for the plaintiff, you will then inquire as to the amount of damages the wife and children may be entitled to in fixing the amount of damages; you may take into consideration the age, health, and earning capacity of

the husband and father, his treatment of them as to being kind or otherwise, his industry. as shown by the evidence, and fix the amount of damages as you believe will be a fair pecuniary compensation for his wife and four minor children, but the same cannot exceed the sum of ten thousand dollars ($10,000.00)."

Appellant's written objection to this instruction is as follows:

"The instruction directs the jury that if the jury finds for the plaintiff, that they may inquire as to the amount of damages the wife and children may be entitled to in fixing the amount of damages. The instruction, to be proper, should direct the jury that if they find for the plaintiff, then they may inquire as to the amount of damages which the plaintiff, as administratrix of the estate of Gaylord W. Ingle, is entitled to recover as damages and for the benefit of the estate, pursuant to the wrongful death statute of the State of Indiana. And in the latter part of said sixth tendered instruction, it is again incorrectly stated that recovery, if any, shall be a fair pecuniary compensation for the wife and the minor children, when the instruction should state that the recovery, if any, should be by the plaintiff in her fiduciary capacity for the benefit of the estate and heirs-at-law whom the administratrix represents."

In our opinion, this is a highly technical objection, the overruling of which did not harm appellant. If it desired a different instruction on this subject it could have tendered one.

Finally, on the record before us we do not believe the recovery was too large or that the damages assessed were excessive.

Judgment affirmed.

NOTE.—Reported in 69 N. E. (2d) 746.