CHESAPEAKE & OHIO RAILWAY COMPANY *v.* BURK,
ADMINISTRATRIX, ETC.

[No. 30,072.  Filed March 9, 1961.  Rehearing denied
June 5, 1961.]

*Russel J. Wildman* and *Cole, Wildman & Cole,* of Peru, for appellant.

*Hillis & Hillis, Robert C. Hillis, John T. Hillis* and *Tom F. Hirschauer,* of Logansport, for appellee.

ACHOR, J.—This case comes to us on petition to transfer from the Appellate Court, under §4-215, Burns' 1946 Repl. See: *Chesapeake & Ohio Railway Company* v. *Burk* (1960), 165 N. E. 2d 616, for Appellate Court opinion.

This is an action for the alleged wrongful death of a truck driver whose truck collided with appellant's freight train at a crossing at the town of Kewanna, Indiana. Trial was by jury and a verdict of damages was rendered in favor of the appellee. The Appellate Court affirmed.

One of the specific acts of negligence asserted by appellee in his complaint was the following:

"19. That the death of said Aaron Burk was proximately caused by the careless and negligent acts of the defendant railway company in each of the following particulars:

. . . . .

b. That the defendant was then and there careless and negligent in that it failed to maintain at right angles at such crossing any sign of warning containing the words 'DANGER'; 'RAILROAD CROSSING'; 'TWO,' designating a multiple track."

Among the errors assigned by appellant are the giving of the "Court's Final Instruction No. 19," and the refusal of the court to give appellant's tendered instruction No. 4.

The "Court's Final Instruction No. 19" reads, in part, as follows:

"Among the acts of negligence charged in the plaintiff's complaint are the following:

. . . . .

(e) That the defendant failed to have a sign, containing the words: Danger; Railroad Crossing; Two (designating multiple track).

There is no Statute, ruling or regulation, which requires any of the above items as alleged in the complaint. The only issue remaining for your consideration is whether due care under all of the circumstances would require the defendant to provide any of the above items."

The appellant objected to the instruction on several grounds. Because of some ambiguity in the objection, we will consider only that part of the instruction recited above and the objection thereto which is as follows:

"We object, for the further reason, that the evidence shows that there was a sign, containing the words: 'Danger,' and 'Railroad Crossing,' and 'Two,' designating a multiple track, and there is no evidence to the contrary. The Court is, therefore, submitting an issue of negligence to the Jury, which is outside of the evidence."

There was no evidence in support of appellee's allegation "that the defendant failed to have a sign, containing the words: 'Danger,' 'Railroad Crossing'; 'Two' (designating a multiple track)" as referred to in item "e" of said instruction. In fact, the undisputed evidence is that such a sign was present. For this reason, the court's instruction 19 was in error because, as stated in appellant's objection, "the court . . . (was) submitting an issue of negligence to the jury, which is outside of the evidence."

Furthermore, for the same reason above discussed, it was error for the court to refuse to give appellant's tendered instruction No. 4. This tendered instruction reads as follows:

"I now charge you that one of the allegations of plaintiff's complaint is that the defendant was careless and negligent in that it failed to maintain at right angles at such crossing any sign or warning containing the words 'DANGER,' 'RAILROAD

CROSSING,' 'TWO' (designating a multiple track). I now instruct you there is no evidence from which you can find that the defendant was guilty of negligence by reason of the acts averred in said allegation of said complaint, and as to such charge of negligence you will find for the defendant."[1]

Basically, appellee's argument in support of the court's refusal to give appellant's instruction 4, is that appellant has waived any issue relative thereto because, in the argument portion of his brief, appellant failed to set out and discuss the evidence upon the issue, except to say that "all evidence given showed that there was such a sign or warning at the crossing," and that the latter assertion is merely supported by the statement of one witness, that there was a cross-arm sign, with a board containing the numeral "3" on it at the crossing. Appellee asserts that, to establish error on the part of the court, appellant should have affirmatively established and argued in his brief the facts regarding the size, position and visibility and other characteristics of the sign.

The fallacy of the above argument rests in the fact that, as one of the grounds of negligence, upon which the complaint is based, appellee specifically alleged: "That the defendant failed to have a sign, containing the words: Danger, Railroad Crossing; Two (designating a multiple track)." The burden of proving the *absence* of the prescribed sign was upon the appellee. If there was "no evidence" in support of

---

1. Rule 1-7 of this court does not require that specific objections be made to instructions which are refused.

". . . Rule 1-7 does not require the party requesting any instruction which has been refused to make a specific objection to the ruling of the court. The instruction speaks for itself, and if under the law and facts involved it should have been given, the record at this stage preserves the error. . . ." *Gilmore* v. *State* (1951), 229 Ind. 359, 367, 98 N. E. 2d 677.

the allegation, it was sufficient for the appellant to so state in the argument portion of his brief. If appellant's brief failed to correctly state and argue facts which were in evidence and material to the issue, appellee had an opportunity to correct such statement in his answer brief. This the appellee did not do. We must therefore assume that appellant's statement of the record is correct in that there was *no evidence* that appellant had failed to maintain a cross-arm sign as alleged in appellee's complaint.[2]

Under the above circumstances, we can only conclude that Instruction 19 was erroneous as it related to this particular issue, and that it was error for the court to refuse to give appellant's tendered instruction 4, which was designed to remove the particular issue from the jury upon which there was a complete failure of proof.

Judgment is therefore reversed and a new trial ordered.

Bobbitt, C. J., Arterburn and Landis, JJ., concur.

Jackson, J., concurs in the result.

## ON PETITION FOR REHEARING

ACHOR, J.—The appellee, in its petition for rehearing, asserts that this court erred in its opinion and decision of March 9, 1961, in which opinion this court both accepted transfer from the Appellate Court and discussed the case upon the merits of the issues involved.

The appellee, in alleging error on the part of this court, first cites the fact that the Appellate Court con-

---

2. The fact that the sign was "drab" is a common characteristic of such signs. It may have provided a basis for appellant's Instruction 10 regarding knowledge of the decedent as to the condition of such sign, as related to the issue of proximate cause, but it did not nullify appellant's right to have the issue as to the *non-existence* of the sign removed from the jury, in the absence of any evidence upon that issue.

cluded that there was sufficient evidence before the court to sustain an instruction to the court based upon the specific allegation of negligence in plaintiff's (appellee's) complaint, to-wit:

"That the defendant was then and there careless and negligent in that it failed to maintain at right angles at such crossing any sign of warning containing the words 'DANGER'; 'RAILROAD CROSSING'; 'TWO' (designating a multiple track)."

Appellee then asserts that this court, in determining there was no evidence to support an instruction upon this issue, was obliged to and erroneously did search the record in order to arrive at this conclusion since the opinion of the Appellate Court held there *was* sufficient evidence upon this particular question to present an issue of fact to the jury. Furthermore, appellee asserts that in searching the record on the question of the evidence and in basing its opinion thereon, this court went beyond its authority because it went outside the issues presented by the petition to transfer.

Apparently appellee's misapprehension in the matter is the result of the fact that this court after accepting transfer of the case did not limit its discussion to the issues presented by the petition to transfer. The opinion does not deal specifically with the issue presented by the petition to transfer as such, but merely discusses that issue in conjunction with other errors committed by the trial court. Therefore, a brief statement directed specifically to the issue of transfer from the Appellate Court seems appropriate.

As heretofore stated, one of the acts of negligence specifically alleged in the appellee's complaint was as follows:

"That the defendant was then and there careless and negligent in that it failed to maintain at right angles at such crossing any sign of warning containing the words 'DANGER'; 'RAILROAD CROSSING'; 'TWO' (designating a multiple track)."

The error in the opinion of the Appellate Court and asserted as grounds for transfer to this court, was the fact that the opinion of the Appellate Court held that because appellant in the argument portion of his brief asserted not only that there was no evidence to support the allegation, but further argued the point that the only evidence on that subject showed that there was a sign of that character, it therefore became the burden of the appellant to establish the facts regarding "its location, its position, was it visible, was it at right angles so it could be seen and read by the highway traveler, and was it a proper sign." The decision of the Appellate Court is predicated upon the fact that appellant failed to include within the briefs a recital of the evidence upon these subjects and to argue this issue in the argument portion of its brief. It was not necessary that appellant do so.

Appellee's complaint denied the existence of *any* crossing sign, which it specifically undertook to describe. Appellant, in its brief, stated that there was no evidence whatever as to the *non-existence* of such a sign, and this fact is tacitly admitted by the opinion of the Appellate Court. Under these circumstances, it was error for the Appellate Court to impose upon appellant the burden of proving the exact location, position or visibility of the sign as a condition to the withdrawal of the specific allegation in appellee's complaint which denied the existence of *any* sign. These were not the issues presented by the specific allegation in the appellee's com-

plaint, and the fact that there may or may not have been evidence in the record upon these subjects which were not presented by the complaint did not as stated in the opinion of the Appellate Court, justify the refusal of the trial court to withdraw the issue as to the *nonexistence* of a crossing sign in the absence of any support thereof. This question having been raised by appellant's brief is not subject to the objection that we have searched the record to reverse.

Transfer to this court was accepted because of the enunciation of the erroneous principles of law contained in the opinion of the Appellate Court, as heretofore discussed. Having accepted transfer of the case this court is obliged to consider the case as if it were originally presented to this court on appeal. Under such circumstances its consideration of the case is not limited to the issues presented by the petition to transfer. Burns' Ann. St., §4-215 (1946 Repl.). *Southern Ry. Co.* v. *Ingle* (1946), 117 Ind. App. 229, 69 N. E. 2d 746; *Kraus* v. *Lehman* (1908), 170 Ind. 408, 83 N. E. 714, 84 N. E. 769; *Payne* v. *Terre Haute, etc. R. Co.* (1902), 157 Ind. 616, 62 N. E. 472.

Furthermore, this court having accepted transfer from the Appellate Court, its consideration of the case is not limited nor is it required to accept the facts as stated in the opinion of the Appellate Court. *Riverside Coal Co.* v. *No. Indianapolis, etc. Works* (1923), 194 Ind. 176, 139 N. E. 674, 142 N. E. 377.

For the reasons above stated, petition for rehearing is denied.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 670. Rehearing denied 175 N. E. 2d 137.