**Cindy SHAW, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 43S00–8706–CR–560.**

Supreme Court of Indiana.

March 6, 1989.
Rehearing Denied May 19, 1989.

Harold W. Myers, Wyss, McNellis & Myers, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Judge.

A jury trial resulted in a conviction of appellant of the crime of Murder for which she received a sentence of thirty-five (35) years.

The facts are: In May of 1986, appellant moved into a trailer near Boner Lake in Kosciusko County with three other women. Shortly thereafter the women met Anthony Moore, the victim in this case, who also lived in the trailer court. The victim made obscene remarks and maintained a threatening manner toward the women, indicating that he desired sexual relations with them.

On one occasion when appellant was alone in the trailer, the victim approached her in the same vulgar and rude manner. The women then began having trouble with prowlers who pried on their windows, causing them to have a feeling of unrest and fear. At a later time when all of the women were home, the victim barged into the trailer in a state of intoxication and had to be forcefully evicted. He was forced from the door by appellant kicking him in the chest, causing him to fall outside. The victim became angry and threatened appellant.

Following this incident, the victim made numerous remarks to others that he would get appellant. Throughout this period appellant states she experienced insomnia and nightmares and was very frightened of the victim.

On July 26, 1986, the women had a party in their trailer. One of their guests parked his car in such a manner as to block the roadway through the trailer park. The victim, with two friends, drove up in a truck, but they were unable to proceed to their

trailer because of the parked vehicle. A quarrel developed between the party goers and the victim. Appellant was not involved in the quarrel in the beginning, and in fact, she retreated to the trailer when she heard the loud shouting, stating that she was frightened. However, once inside the trailer she said she became angry that the victim was intimidating her so she picked up a knife from the kitchen table and went outside and confronted the victim.

The victim and appellant walked toward each other and appellant struck the victim in the abdomen with the knife. After being stabbed, the victim went to his trailer. When his friends discovered he had been stabbed, an ambulance was called and he died in the hospital three hours later from the stab wound. Appellant defended the case on the theory of self-defense.

■ Appellant claims the trial court erred in refusing her Tendered Instructions 3, 4, and 7 on the doctrine of self-defense. Appellant's Tendered Instruction No. 3 stated that appellant might defend herself without retreating and that the existence of the danger and the necessity of defense can only be determined "from the standpoint of the defendant." The trial court gave two instructions on self-defense.

Final Instruction No. 13 reads as follows:

"A person is justified in using reasonable force against another person to protect herself from what she reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if she reasonably believes that the force is necessary to prevent serious bodily injury to herself or the commission of a forcible felony. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting herself by reasonable means necessary.

There are three (3) requirements for self defense when deadly force is used:

(1) The defendant must have acted without fault;

(2) The defendant must have had a right to be where she was; and,

(3) The defendant must have reasonably believed that she was in immediate danger of death or serious bodily harm.

Once a claim of self defense is raised, the State bears the burden of disproving the existence of one of these elements beyond a reasonable doubt."

Final Instruction No. 17 reads as follows:

"Although threats alone are not sufficient to justify an assault, a threat at a time when there is the present ability to assault, and under circumstances which lead a person in good faith reasonably to believe that he is about to be seriously injured or killed is sufficient on the theory of self defense."

Appellant takes the position that the court's instructions do not cover the material above set out which was contained in her Tendered Instruction No. 3.

Appellant cites *French v. State* (1980), 273 Ind. 251, 403 N.E.2d 821 (Pivarnik, J., dissenting) which holds that language very similar to the language contained in the trial court's Final Instructions 13 and 17 is not sufficient to apprise the jury that they must make their decision on what the situation appeared to be to the defendant rather than what the actual facts were. However, the instruction in the case at bar goes beyond those disapproved in *French*.

As can be seen from the language of the trial court's instructions in the case at bar, the jury was repeatedly told that the standard to be considered by the jury was the reasonable belief of the defendant. This was true in both Instructions 13 and 17. We cannot see how such language could be interpreted by a jury in any manner other than that the standard to be used was the state of mind of the defendant at the time of the infliction of the injury.

There is nothing in the instruction given by the trial court in this case from which the jury could believe that any other standard was to be applied. We hold that the instructions given by the trial court in the case at bar are sufficient to correctly inform the jury as to the standard to be used in a case of self-defense.

■ Appellant's Tendered Instruction No. 4 also addressed the issue of self-defense but purported to instruct the jury that if the evidence fails to show any motive on the part of the defendant to commit the crime, such evidence should be considered as supporting her claim of self-defense. Appellant cites *Gilmore v. State* (1951), 229 Ind. 359, 98 N.E.2d 677 for this proposition. However, an examination of *Gilmore* reveals no such statement of law. We see no error in the refusal to give appellant's Tendered Instruction No. 4.

■ Appellant's Tendered Instruction No. 7 was merely a repeat of the statement contained in Tendered Instruction No. 3 as to appellant's actual belief in an apparent danger. Appellant also claims the trial court's given instructions did not include the statement that she was not required to retreat. However, the court did instruct the jury "[t]he defendant must have had the right to be where she was." The appellant obviously had a right to be where she was, and there was no issue as to retreat. The issue was aggressiveness or lack thereof toward the victim. This matter was correctly covered by the trial court's instructions.

■ Appellant contends the trial court erred in failing to instruct the jury on lesser included offenses. The trial court did instruct the jury on the offense of murder and the included offense of voluntary manslaughter. However, appellant now claims the court gave no instructions "on the lesser includable offenses of involuntary manslaughter, battery or other relevant lesser includable offenses." A search of the record reveals that appellant submitted no such instructions on lesser included offenses at the time of trial. The issue is thus waived. *Rose v. State* (1983), Ind., 446 N.E.2d 598, 602.

■ Appellant claims there is insufficient evidence to support the verdict in view of her claim that the State failed in its burden of rebutting the defense of self-defense. Appellant's argument in this regard is merely that the jury should have accepted her version that the victim, through his past actions, had so distressed and frightened her that she armed herself with a knife, the sole purpose of which was to defend against what she believed to be an impending attack. However, the evidence also presented to the jury was that appellant was not engaged in the original altercation concerning the parked vehicle, that she retreated to the trailer when she heard others arguing with the victim, that while in the trailer she armed herself with a knife then proceeded directly to the victim, and that she was moving forward at the time she struck him in the abdomen with the knife. From this evidence, the jury had the right to deduce that appellant was not in fact defending herself but was injecting herself into a dispute with the deliberate purpose of striking the victim with the knife. There is ample evidence in this record to support the verdict of the jury.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.