# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JAMAR WASHINGTON,               )
                                )
    Appellant-Defendant,        )
                                )
           vs.               )    No. 49A02-1202-CR-79
                                )
STATE OF INDIANA,               )
                                )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable James Osborn, Judge
Cause No. 49F15-1105-FD-30605

**August 28, 2012**

**OPINION - FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jamar Washington appeals his convictions for Class D felony battery, Class A misdemeanor resisting law enforcement, and Class B misdemeanor disorderly conduct. We affirm and remand.

**Issue**

The sole contested issue in this appeal is whether the trial court properly instructed the jury.

**Facts**

On the evening of May 1, 2011, Washington went to a club in downtown Indianapolis while his live-in girlfriend, Dynasty Brown, stayed home with the couple's children, including an eight-month-old boy. Sometime during the late evening of May 1 and early morning of May 2, 2011, Brown received a Facebook message that included a picture of Washington with another woman at the club. After trying twice to call Washington, unsuccessfully, Brown decided to drive to the club with the eight-month-old boy and find Washington.

At approximately 3:00 a.m., Brown arrived at the club and saw Washington standing outside with the other woman, Deja Crayton. Brown, while carrying the eight-month-old on her hip, approached Washington and Crayton and then first hit Washington, then Crayton, in the face. Brown then handed the eight-month-old to someone in the crowd after someone shouted, "Girl, give me your baby!" Tr. p. 73. Brown and Crayton then began fighting, with Washington attempting to break them up.

Several Indianapolis Metropolitan Police Department officers were near the scene on "bar detail" and saw the Brown-Crayton-Washington altercation transpire. Id. at 68. Officer Cedric Young approached Brown from behind, picked her up, put her face down on the hood of a car, and attempted to handcuff her while she struggled. While Officer Young was attempting to handcuff Brown, Washington jumped on Officer Young's back, put his arm around Officer Young's neck, and started yelling, "Get off my baby mama, get off my baby mama." Id. at 75. Officers Geoffrey Barbieri and Lisa Weilhamer attempted to assist Officer Young with Washington as he struggled, during which Washington caused Officer Weilhamer to fall backwards and hit her head on the pavement, causing a mild concussion. Offier Barbieri also fell and was kicked several times by Washington. Eventually, five officers were able to wrestle Washington to the ground and handcuff him. When Officer Young asked Washington why Washington had jumped on his back, Washington responded that he thought Brown was still holding his baby when Officer Young had forced her down onto the car hood.

The State charged Washington with Class D felony strangulation, three counts of Class D felony resisting law enforcement, three counts of Class D felony battery on a police officer resulting in injury, and one count of Class B misdemeanor disorderly conduct. The State later dismissed two of the battery counts. A jury trial was held on November 30, 2011. At Washington's request the trial court gave a jury instruction regarding defense of a third person; it gave a pattern instruction on the topic and did not give two instructions tendered by Washington. The jury found Washington guilty of two

counts of Class A misdemeanor resisting law enforcement as lesser-included offenses of the D felony resisting charges, one count of Class D felony battery on a law enforcement officer, and Class B misdemeanor disorderly conduct. Washington was acquitted of the remaining counts. The trial court merged one of the resisting convictions into the battery convictions and sentenced Washington for one count of Class D felony battery, one count of Class A misdemeanor resisting law enforcement, and one count of Class B misdemeanor disorderly conduct. The abstract of judgment, however, states that Washington was convicted of Class D felony resisting law enforcement. Washington now appeals.

## Analysis

The sole disputed issue in this case is whether the trial court properly instructed the jury regarding defense of a third person. Washington requested instructions on the issue with respect to his claim that he thought, albeit mistakenly, that Brown was still holding his son when Officer Young forced her onto the hood of the car and that his son might be crushed underneath. The manner in which a trial court instructs a jury is largely within the sound discretion of the trial court, and we review a trial court's decision regarding instructions only for an abuse of that discretion. Orta v. State, 940 N.E.2d 370, 376 (Ind. Ct. App. 2011), trans. denied. We must consider the following when reviewing a trial court's refusal to give a defendant's tendered jury instruction: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is

4

covered by other instructions that are given. Lewis v. State, 898 N.E.2d 429, 433 (Ind.

Ct. App. 2008), trans. denied.

The trial court gave the following pattern jury instruction regarding defense of

another person:

> It is an issue whether the Defendant acted in defense of another person.
>
> A person may use reasonable force against another person to protect someone else from what the Defendant reasonably believes to be the imminent use of unlawful force.
>
> No person in this State shall be placed in legal jeopardy of any kind whatsoever for protecting a third person by reasonable means necessary.
>
> The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in defense of another person.

App. p. 131. This pattern instruction tracks the language of the self-defense and defense

of another person statute, Indiana Code Section 35-41-3-2(a).

The trial court refused to give the following two instructions tendered by

Washington, which were tendered defense instructions 3 and 4:

> A man has a right to act upon appearances of actual and immediate danger if he sincerely believes such apparent danger exists. The danger need not be actual. It need be only apparent to a reasonable person under the circumstances. He will not be accountable for an error in judgment as to the need to use force or the amount of force necessary, provided he acted honestly. The law protects persons who feel compelled to act at such times even though in retrospect it is proved they have erred. The danger need not be actual but the belief must be in good faith and the reaction must be reasonable.

5

App. p. 102.

> With regard to the defense of another, the existence of the danger, the necessity or apparent necessity of using force, as well as the amount of force required to resist the attack can only be determined from the standpoint of the Accused at the time and under the then existing circumstances.
>
> Ordinarily, one exercising the right to defense of another is required to act upon the instant and without time to deliberate and investigate, and under such circumstances a danger which exists only in appearance, is as real and imminent to him as if it were actual.
>
> A defender will not be accountable for an error in judgment as to the need to use force or amount of force necessary.

Id. at 103. Washington asserts that these additional instructions were necessary to adequately inform the jury that he could successfully claim defense of another, even if he was mistaken about Brown not holding his son when Officer Young attempted to restrain her.

On appeal, the State concedes that there was sufficient evidence that could have supported the giving of Washington's tendered instructions. It also concedes that instruction 3 is a correct statement of the law, as its language comes from Franklin v. State, 266 Ind. 540, 544, 364 N.E.2d 1019, 1021 (1977). Franklin, however, concerned a review of the sufficiency of the evidence regarding a conviction, not the proper manner of instructing a jury. Our supreme court has said that simply because language appears in

6

an appellate opinion does not mean it is appropriate for a jury instruction. Ludy v. State, 784 N.E.2d 459, 462 (Ind. 2003).

The State does not concede that tendered instruction 4 is a correct statement of the law, arguing that it focuses exclusively upon a defendant's subjective state of mind when evaluating a claim of defense of another person. It points out that in Littler v. State, 871 N.E.2d 276, 279, (Ind. 2007), our supreme court held "that the phrase 'reasonably believes,' as used in the Indiana self-defense statute, requires both subjective belief that force was necessary to prevent . . . injury, and that such actual belief was one that a reasonable person would have under the circumstances." Arguably, this holding conflicts with tendered instructions 4's language that a self-defense claim "can only be determined from the standpoint of the Accused . . . ." App. p. 103.

Even if instructions 3 and 4 both correctly stated the law and were supported by the evidence, the closer question in this case is whether their substance was adequately covered by the trial court's giving of the pattern instruction regarding defense of another person. Initially, "we must note that the preferred practice is to use the pattern jury instructions." Gravens v. State, 836 N.E.2d 490, 493 (Ind. Ct. App. 2005), trans. denied. We must, however, carefully consider our supreme court's holding in French v. State, 273 Ind. 251, 403 N.E.2d 821 (Ind. 1980).

In French, a defendant claimed self-defense in a murder prosecution. The trial court gave the following instruction regarding the use of deadly force in self-defense:

7

> A person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force. However a person is justified in using deadly force only if he reasonably believes that that force is necessary to prevent serious bodily injury to himself or a third person in the commission of a forcible felony.

French, 273 Ind. at 255, 403 N.E.2d at 824. Our supreme court held this instruction to be inadequate and its inadequacy to be reversible error, stating:

> At no point in the instructions given was the jury informed that in the exercise of the right, a defender may repel force by force reasonably necessary and that he will not be accountable for an error in judgment as to the amount of force necessary, provided he acted honestly. Neither did the court's instructions apprize the jury that the existence of the danger, the necessity or apparent necessity, as well as the amount of force required to resist the attack can only be determined from the standpoint of the defendant, at the time and under the then existing circumstances.

Id. at 256, 403 N.E.2d at 825. Our supreme court has never expressly overruled French.

Taken at face value, French might have required more expansive jury instructions than the pattern instruction the trial court here gave, including at least some of the language in the instructions Washington tendered.

In Shaw v. State, 534 N.E.2d 745 (Ind. 1989), our supreme court addressed a case in which the jury was given the following self-defense instructions:

> A person is justified in using reasonable force against another person to protect herself from what she reasonably believes to be the imminent use of unlawful force. However, a person is justified in using deadly force only if she reasonably believes that the force is necessary to prevent serious bodily injury to herself or the commission of a forcible felony. No person in

8

this state shall be placed in legal jeopardy of any kind whatsoever for protecting herself by reasonable means necessary.

There are three (3) requirements for self defense when deadly force is used:

(1)     The defendant must have acted without fault;

(2)     The defendant must have had a right to be where she was; and,

(3)     The defendant must have reasonably believed that she was in immediate danger of death or serious bodily harm.

Once a claim of self defense is raised, the State bears the burden of disproving the existence of one of these elements beyond a reasonable doubt. . . .

Although threats alone are not sufficient to justify an assault, a threat at a time when there is the present ability to assault, and under circumstances which lead a person in good faith reasonably to believe that he is about to be seriously injured or killed is sufficient on the theory of self defense.

In Shaw, the defendant argued that these instructions were insufficient under French because they did not explicitly advise the jury that they had to evaluate the self-defense claim based on how the situation appeared to be to the defendant, rather than what the actual facts were. Indeed, these jury instructions do not include the language that the French opinion seemed to hold was required. Regardless, the Shaw opinion held that the jury instructions there went beyond those disapproved of in French and were sufficient. Shaw, 534 N.E.2d at 747. The court stated:

[T]he jury was repeatedly told that the standard to be considered by the jury was the reasonable belief of the

9

> defendant. . . . We cannot see how such language could be interpreted by a jury in any manner other than that the standard to be used was the state of mind of the defendant at the time of the infliction of the injury.

Id.

Relying upon <u>Shaw</u>'s "clarification" of <u>French</u>, this court subsequently approved the giving of a pattern jury instruction on self-defense that was in all relevant respects identical to the instruction given here. <u>See</u> <u>Davis v. State</u>, 691 N.E.2d 1285, 1289-90 (Ind. Ct. App. 1998).[1] Indeed, it is difficult to read <u>Shaw</u> as anything other than an implicit disapproval of <u>French</u>, at least to the extent <u>French</u> holds that a jury must be instructed that a defendant claiming self-defense or defense of another "will not be accountable for an error in judgment as to the amount of force necessary, provided he acted honestly," and that the reasonableness of a defendant's actions "can only be determined from the standpoint of the defendant, at the time and under the then existing circumstances." <u>French</u>, 273 Ind. at 256, 403 N.E.2d at 825. Rather, we believe <u>Shaw</u> held that it is sufficient to clearly instruct a jury that a defendant claiming self-defense or defense of another must have acted "reasonably." The pattern instruction given to the jury here did so. As such, we conclude that the substance of the instructions tendered by Washington was adequately covered by the instruction given by the trial court, meaning the trial court did not abuse its discretion in refusing to give those instructions.

---

[1] The instruction in <u>Davis</u> included language regarding the use of deadly force and defense of one's dwelling or curtilage, neither of which were at issue in this case.

10

Although we affirm Washington's convictions, the State concedes that the trial court made a clerical error on the abstract of judgment. It states that Washington was convicted of Class D felony resisting law enforcement. The actual judgment of conviction, however, states that Washington was convicted of Class A misdemeanor resisting law enforcement. We therefore remand for the trial court to enter a corrected abstract of judgment accurately reflecting that Washington was convicted of Class A misdemeanor resisting law enforcement.

**Conclusion**

The trial court did not abuse its discretion in instructing the jury, and we affirm Washington's convictions. However, we remand for correction of the abstract of judgment.

Affirmed and remanded.

VAIDIK, J., and MATHIAS, J., concur.